IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | : | Case No.: 02-3720 |
| | : | |
| v. | : | Civil Action |
| | : | |
| MORRONE'S WATER ICE, INC., ET AL. | : | |

**O R D E R**

AND NOW, this          day of              , 2002, upon consideration of Defendants' Combined Motion for Protective Order and to Quash Subpoenas or in the Alternative, Motion to Modify *Ex-Parte* Temporary Restraining Order, IT IS HEREBY ORDERED that Defendants' Motion is GRANTED.

IT IS FURTHER ORDERED as follows:

1. Defendants' request for a protective order with respect to plaintiff's subpoenas to Rice I. & Co. (sic); Virginia Dare; and Balford Farms is granted to protect the good will, trade secrets and other proprietary commercial interests of defendants and said subpoenas are quashed;

2. Plaintiff's subpoenas to Darryl Hawkins, Maria A. Hawkins, First Union National Bank and PNC Bank are quashed pending resolution of plaintiff's request for preliminary injunction;

3. The *Ex-Parte* Temporary Restraining Order entered on June 18, 2002 and extended by Order of June 24, 2002 is modified as follows: No party may request production of documents from any person or entity not a party to this action pending resolution of plaintiff's request for injunctive relief.

_____
Jan E. DuBois, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | : | Case No.: 02-3720 |
| | : | |
| v. | : | Civil Action |
| | : | |
| MORRONE'S WATER ICE, INC., ET AL. | : | |

### DEFENDANTS' COMBINED MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS OR IN THE ALTERNATIVE MOTION TO MODIFY *EX-PARTE* TEMPORARY RESTRAINING ORDER

Defendants by their undersigned counsel, move the Court for a protective order and to quash the subpoenas served upon non-parties, or, in the alternative, to modify the *Ex-Parte* Temporary Restraining Order to stay expedited discovery against non-parties pending resolution of plaintiff's request for a preliminary injunction. In support of these motions, defendants aver as follows:

1. Plaintiff, the Federal Trade Commission, obtained an *Ex-Parte* Temporary Restraining Order which was issued by the Court on June 18, 2002. Following a telephone conference with the parties, the Temporary Restraining Order was extended by Order dated June 28, 2002 and the Preliminary Injunction Hearing continued to July 9, 2002.

2. In the above-captioned matter, plaintiff seeks to enjoin alleged ongoing activities regarding the sales of franchises and collect damages based upon an AAA arbitration award entered on August 13, 2001 solely against one of the corporate defendants, Ice America Corporation.

3. The *Ex-Parte* Temporary Restraining Order enjoins any violations of Section 5 of the FTC Act and the Franchise Rule. See Exhibit "A". Defendants do not intend to challenge these aspects of the Commission's application at the preliminary injunction hearing.

4. The *Ex-Parte* Temporary Restraining Order as extended restrains the disposition of any of defendants' assets except for the payment of ordinary and necessary business or personal expenses and also grants leave for expedited discovery from non-parties within five (5) days following receipt of any request for production. See Exhibit "A", page 10.

5. Motions to quash or modify a subpoena duces tecum may be made by a party to whom the subpoena is directed or by a party who has a personal right or privilege with respect to the subject matter requested in the subpoena. Smith v. Midland Break, 162 F.R.D. 683 (D. Ks. 1995); Oliver B. Cannon & Sons, Inc. v. Fidelity and Casualty Company of New York, 519 F.Supp. 668 (D. De. 1981). Plaintiff has served subpoenas upon (a) the suppliers of defendants' proprietary formula for Morrone's water ices and ice cream seeking trade secrets and confidential commercial information; (b) defendants' banks seeking sweeping disclosure of confidential and personal financial information of the individual defendants and their spouses and families (who are not parties to this action); and (c) defendants' business customers who are not affiliated with this litigation seeking confidential financial and proprietary information. Defendants have the right to protect their trade secrets and confidential financial and business information in the hands of non-parties.

6. Plaintiff has served subpoenas on certain manufacturers and distributors

for defendants, Balford Farms, Rice I & Co. (sic) and Virginia Dare, which seek information concerning the proprietary formula owned by defendants, Ice America Corporation and Morrone's Water Ice, Inc. See copies of subpoenas attached hereto collectively as Exhibit "B". It is this formula and its ingredients which differentiates Morrone's Water Ice from other competitors.

7.  The subpoenas to defendant's suppliers of proprietary formula seek disclosure of trade secrets - the confidential formula, ingredients and proprietary commercial information of defendants. Upon production of the documents requested in the subpoenas, one can determine the actual ingredients and the percentages of each ingredient in the defendants' proprietary commercial formula for Morrone's water ices and homemade ice cream. Defendants historically have acted to protect these trade secrets from disclosure by confidentiality-trade secret agreements between defendants and Balford Farms, Rice I. & Co., and Virginia Dare Extract Co., Inc., copies of which are attached hereto collectively as Exhibit "C".

8.  Defendants hereby move the Court to quash these subpoenas and enter a Protective Order to protect defendants' trade secrets and proprietary formula for its water ices and ice cream. Many of the franchisees referenced in the various exhibits filed by plaintiff in support of its *Ex-Parte* Motion for Temporary Restraining Order, continue to operate water ice and ice cream businesses but no longer under the Morrone's name. Disclosure of the information requested by this subpoena in this litigation will cause substantial damage to defendants and allows the franchisees to gain unfair competitive advantage through disclosure and replication of defendants' formula.

9. The FTC in the above-captioned matter seeks to enjoin certain alleged on-going violations of Section 5 of the FTC Act and the Franchise Rule in connection with the sale of franchises and/or licenses. With the exception of this equitable relief, the balance of the claims in this case are, in reality, an attempt to execute upon and make collection of an AAA Arbitration Award reduced to judgment in Delaware County.

10. The AAA Arbitration Award was entered on August 13, 2001 against only one of the defendants in the above-captioned matter, Ice America Corporation. However, the FTC has served overbroad and sweeping subpoenas to at least two banks, First Union National Bank and PNC Bank requesting information and documents on all accounts titled individually or jointly in the names of companies and individuals who are not parties to the arbitration award. In fact, the subpoenas seek disclosure of the personal finances of the spouses (and family members) of the individual defendants who are not even parties to this action. See subpoena attached hereto as Exhibit "D".

11. Defendants agree to be bound by the statute and applicable rules and regulations. However, defendants object to the provisions in the Temporary Restraining Order regarding expedited discovery and need for this broad based financial inquiry into the personal finances of the individual defendants and their families.

12. Notably, the memorandum submitted by the FTC in support of its request for the *Ex-Parte* Temporary Restraining Order, fails to state any legal authority or factual basis for such broad-based financial discovery in aid of execution coupled with the invasion of privacy against the individual defendants, their spouses and family.

13. Simply stated, the FTC does not have nor can it rely upon a money judgment against any of the individual defendants. Moreover, its conclusory allegations

of joint and several liability are unproven, unfounded and yet to be adjudicated. The United States Supreme Court has held that a Preliminary Injunction preventing individuals from disposing of assets pending adjudication of a claim for money damages is improper. Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc., et al. 527 U.S. 308, 119 S.Ct. 1961 (1999). Generally, a judgment is required before any equitable relief should be used to interfere with an individual's use of property. Id. The broad based discovery sought in these subpoenas is essentially discovery in aid of execution on a claim for money damages against the individual defendants where the plaintiff has yet to obtain a judgment.[1] Accordingly, the subpoenas should be quashed.

14. In addition, plaintiff has served subpoenas for all of the financial records of Darryl Hawkins and Maria Hawkins with respect to their store operated at 525 Church Avenue, Yeadon, Pa. See subpoenas attached hereto as Exhibit "E". This store is not a party to this action and the subpoena is motivated by an intent to interfere with the ongoing business relationship between the Hawkins and defendants and obtain the same proprietary information sought from defendants' suppliers.

15. Accordingly, the foregoing subpoenas should be quashed or in the alternative, the Temporary Restraining Order modified to preclude any discovery of non-parties on an expedited basis. Plaintiff's need for injunctive relief is resolved by

---

[1]The FTC contends that they require the requested financial information to prove the violations of the franchise rules alleged in its application. However, defendants have already told the Court that they do not intend to oppose this aspect of the Commission's requested preliminary injunction. They do intend to oppose the need for injunctive relief to collect the monetary damage award in an Arbitration approximately one year ago and to assert other damages allegedly incurred by the franchises.

defendants' agreement to abide by the terms of the applicable statute, rules and regulations. Therefore, all that remains of the claims in the above-captioned matter are claims for money damages, and the plaintiff has made no showing of a basis or need for such broad-based discovery on an expedited basis.

WHEREFORE, defendants request that the Court grant their combined Motion for Protective Order and to Quash Subpoenas or in the alternative, Modify the *Ex-Parte* Temporary Restraining Order to preclude production of documents from non-parties pending resolution of plaintiff's request for injunctive relief.

Respectfully submitted,

_____
Jack Meyerson (I.D. No. 16405)
Debora A. O'Neill (I.D. No. 35077)
Law Offices of Jack Meyerson
1700 Market Street, Ste. 2632
Philadelphia, PA 19103

Attorneys for Defendants Morrone's Water Ice, Inc., John J. Morrone, III, Ice America Corporation, JMS Sales, Inc. and Water Ice Systems, Inc.

Frank Breitman, Esquire (I.D. No. 35506 )
Suite 785 - The Bourse
21 S. Fifth Street
Philadelphia, PA 19106
Identification No:

Attorney for Defendants Franchise Consultants Corporation and Stephen D. Alerdi

DATED: June 27, 2002

## CERTIFICATE OF SERVICE

DEBORA A. O'NEILL, ESQUIRE hereby certifies that service of the foregoing Defendants' Combined Motion for Protective Order and to Quash Subpoenas or in the Alternative Motion to Modify *Ex-Parte* Temporary Restraining Order to Plaintiff was made upon the party listed below on June 27, 2002 via facsimile to:

Russell Deitch, Esquire
Craig Tregillus, Esquire
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20589

In addition, copies of the foregoing Motion were served upon the following persons via overnight mail:

| Maria Hawkins | Darryl Hawkins | Virginia Dare |
| --- | --- | --- |
| 1014 Flanders Road | 525 Church Lane | 882 Third Avenue |
| Philadelphia, PA 19151-3012 | Yeadon, PA 19050 | Brooklyn, NY 11232 |
| | | |
| Lawrence Bowes | Rice I & Co. | Joel Gold, Esq. |
| Balford Farms | 11500 Roosevelt Blvd. | PNC Bank |
| 3041 Marwin Avenue | Philadelphia, PA 19116 | 1 PNC Plaza 21st Flr. |
| Bensalem, PA 19020 | | 245 Fifth Avenue |
| | | Pittsburgh, PA 15222 |

and via hand delivery:

Armond Byrd
First Union Bank
401 Market St. 11th Flr.
Philadelphia, PA 19106

_____Debora A. O'Neill_____