IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | : | Case No.: 02-3720 |
| | : | |
| v. | : | Civil Action |
| | : | |
| MORRONE'S WATER ICE, INC., ET AL. | : | |

**ANSWER OF DEFENDANTS JOHN J. MORRONE, III AND
MORRONE'S WATER ICE, INC. TO THE COMPLAINT
FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

Defendants John J. Morrone, III ("John Morrone") and Morrone's Water Ice, Inc. (Morrone's Water Ice") through their undersigned counsel answer the complaint as follows:

1. Defendants deny any violations of the statutes, rules and regulations alleged and, therefore, further deny any need for equitable relief alleged. The remainder of the averments are denied as conclusions of law.

2. Denied as conclusions of law.

3. Denied as conclusions of law.

4. Denied as conclusions of law.

5. Admitted in part, denied in part. It is admitted that defendant Morrone's Water Ice is a Pennsylvania corporation with its principal place of business located at 200 North 63rd Street in Philadelphia and transacts business in this District. Morrone's Water Ice, specifically denies any participation in granting or selling of franchises or any business ventures as alleged and the remainder of the averments are denied.

6. Denied as stated. It is admitted upon information and belief that defendant Franchise Consultants Corporation is a Pennsylvania corporation located at 39 E.

Langhorne Avenue, Havertown, Pennsylvania, engaged in the business of licensing Morrone's Italian Ices & Homemade Ice Cream products and has transacted business in this District. The balance of the averments are denied.

    7.    Admitted in part, denied in part as follows:

First and Second Sentences: Admitted.

Third Sentence: It is admitted that WIF Sales merged with Ice America on or about September 1999 and the assets of Water Ice Systems were purchased by Ice America.

Fourth and Fifth Sentence: Denied as stated. It is admitted that certain trademark and formula rights for Morrone's Italian Ices & Homemade Ice Cream were transferred to WIF Sales, Inc. and that WIF Sales was a supplier for the italian ices and ice cream. The remaining averments are denied.

Sixth Sentence: Denied as stated. It is admitted that Ice America has engaged in the business of granting franchises to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various trade names, trademarks and services marks including the service mark Morrone's Italian Ices & Homemade Ice Cream and has transacted business in this District after incorporation in September 1998.

    8.    Admitted in part, denied in part as follows:

First Sentence: Admitted, except upon information and belief, Water Ice Systems was dissolved.

Second, Third and Fourth Sentences: Admitted in part, denied in part. It is admitted that Water Ice Systems engaged in the business of granting franchises to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various

trade names, trademarks and services marks including the service mark Morrone's Italian Ices & Homemade Ice Cream and has transacted business in this District. The remainder of the averments are denied.

9. Admitted in part, denied in part. It is admitted that JMS is a Pennsylvania corporation with its registered business address at 8 Overhill Road, Upper Darby, operated a store located at 117 South 69th Street, Upper Darby and has transacted business in this District. The remainder of the averments are denied.

10. Admitted in part, denied in part as follows:

First and Second Sentences: Upon information and belief, it is admitted that Stephen Aleardi is the Chief Executive Officer of Franchise Consultants Corporation. the remainder of the averments are denied.

Third Sentence: It is admitted that Stephen Aleardi has served as an officer of the corporate defendants listed.

Fourth Sentence: Admitted.

Fifth and Sixth Sentences: It is admitted that Stephen Aleardi was Vice President of Water Ice Systems as of the date of its formation and later became its President. The remaining averments are denied.

Seventh Sentence: It is admitted that Stephen Aleardi was the Chief Executive Officer and Secretary of JMS. Upon information and belief, JMS was dissolved.

Eighth Sentence: Admitted.

Ninth Sentence: Defendants deny any violation of the statutes, rules and regulations alleged in the complaint and the averments are denied in their entirety. Further, denied as conclusions of law.

Tenth Sentence: Admitted.

11. Admitted in part, denied in part as follows:

First Sentence: It is admitted that John Morrone is the President of Morrone's Water Ice. The balance of the averments are denied as conclusions of law.

Second Sentence: Admitted.

Third and Fourth Sentences: It is admitted that John Morrone was President of Water Ice Systems as of the date of its formation and later became the Vice President. The remaining averments are denied.

Fifth Sentence: It is admitted that John Morrone was the Treasurer of JMS. Upon information and belief, JMS was dissolved.

Sixth Sentence: Denied.

Seventh Sentence: Defendants deny any violation of the statutes, rules and regulations alleged in the complaint and the averments are denied in their entirety. Further, John Morrone specifically denies any participation in, control over and/or knowledge of any acts or omissions in violation of the statutes, rules and regulations alleged in the complaint. Further, denied as conclusions of law.

Eighth Sentence: Admitted.

12. Defendants specifically deny any participation in and/or control over the grant of any franchise and, further, deny knowledge of any acts or omissions in violation of the statutes, rules and regulations involving franchises and therefore this paragraph is denied in its entirety. Also, denied as conclusions of law.

13. Denied. By way of further answer, Defendants specifically deny any participation in and/or control over the grant of any franchise to operate a Morrone's

Italian Ices & Homemade Ice Cream Store.

14. Denied as stated. Defendant Water Ice Systems was formed to engage in the business of granting franchises to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various trade names, trademarks and services marks on or about January 1996. The balance of the averments are denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied as stated. It is admitted that certain persons and entities entered into franchise agreements with Ice America and Water Ice Systems. Defendants are without knowledge or information to form a belief as to the truth of the averments of this paragraph concerning incomes, profits and revenues as alleged and those averments are denied.

19. Admitted in part, denied in part. It is admitted that the initial franchise fee under the franchise agreements between the franchisees and Ice America and Water Ice Systems, the franchisors, was approximately $15,000 to $20,000. It is also admitted that as with any business, the franchisees would be expected to incur additional expenses associated with operation of a water ice store, that certain franchisees paid additional fees for the exclusive right to an area license and that certain franchisees obtained financing to start and operate their business. Defendants specifically deny any participation in and/or control over the grant of any franchise and, further, deny knowledge of any acts or omissions alleged in this paragraph on the part of or under the authority of defendants. The remaining averments are denied.

20.     Denied as stated. It is admitted that certain persons and entities entered into franchise agreements with Ice America and Water Ice Systems to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various trade names, trademarks and services marks including the service mark Morrone's Italian Ices & Homemade Ice Cream.

21-22.     Denied. Defendants specifically deny any participation in and/or control over the grant of any franchise to operate a Morrone's Italian Ices & Homemade Ice Cream Store and, therefore, deny these paragraphs in their entirety. Further, denied as conclusions of law.

23.     Denied.

24.     Denied. Defendants specifically deny any participation in, control over and/or knowledge of the contents of the Franchise Offering Circular provided by Ice Systems to prospective franchisees and, therefore, this paragraph is denied in its entirety. Further, denied as conclusions of law.

25.     Admitted in part, denied in part. It is admitted that certain franchisees brought an action for disputes under the franchise agreements against only defendant Ice America and that the arbitrator entered an award on August 13, 2001, which award speaks for itself. The remaining averments are denied.

26.     Denied.

27.     Denied. It is admitted that certain persons and entities have entered into license agreements to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various trade names, trademarks and services marks including the service mark Morrone's Italian Ices & Homemade Ice Cream which agreements define the

rights of the parties.  The remaining averments are denied.

28. Denied.  It is admitted that certain persons and entities have entered into license agreements to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various trade names, trademarks and services marks including the service mark Morrone's Italian Ices & Homemade Ice Cream which agreements define the rights of the parties.  The remaining averments are denied.

29. Denied.

30. Denied as stated.   It is admitted that certain persons and entities have received literature from defendant Franchise Consultants Corporation regarding license agreements to operate a Morrone's Italian Ices & Homemade Ice Cream Store with use of various trade names, trademarks and services marks, which documents speak for themselves.  The remaining averments are denied.

31. Defendants are without knowledge or information to form a belief as to the truth of the averments of this paragraph and,  therefore, the averments are denied.

32. Denied as conclusions of law.

## COUNT I

33. Defendants' responses to  paragraphs 1 through 32 are incorporated by reference.

34. Denied.

35. Denied.

36. Denied.

37. Denied as conclusions of law.

38. Denied as conclusions of law.

39. Admitted in part, denied in part. It is admitted that the FTC permits use of a form Uniform Franchise Offering Circular ("UFOC"). It is also admitted that defendants Ice America and Water Ice Systems used the UFOC format in connection with franchises for Morrone's Italian Ices & Homemade Ice Cream Store. However, defendants John Morrone and Morrone's Water Ice specifically deny any participation in, control over and/or knowledge of any practices regarding or content of the Franchise Offering Circular. The remaining averments are denied as conclusions of law.

40-43. Denied in their entirety as conclusions of law.

## COUNT II

44. Defendants' responses to paragraphs 1 through 43 are incorporated by reference.

45. Denied. Defendants specifically deny any violations alleged and further deny any control over and/or knowledge of alleged violations. Further, denied in its entirety as conclusions of law.

## COUNT III

46. Defendants' responses to paragraphs 1 through 43 are incorporated by reference.

47. Denied. Defendants specifically deny any violations alleged and further deny any control over and/or knowledge of alleged violations. Further, denied in its entirety as conclusions of law.

## COUNT IV

48. Defendants' responses to paragraphs 1 through 43 are incorporated by

reference.

49.    Denied.  Defendants specifically deny any violations alleged and further deny any control over and/or knowledge of alleged violations.  Further, denied in its entirety as conclusions of law.

## CONSUMER INJURY

50.    Denied.

## THIS COURT'S POWER TO GRANT RELIEF

51.    Denied as conclusions of law.  Further, Defendants specifically deny any violations alleged and further deny any control over and/or knowledge of alleged violations and, therefore, defendants deny any injury or need for equitable remedies.

52.    Denied as conclusions of law.  Further, Defendants specifically deny any violations alleged and further deny any control over and/or knowledge of alleged violations and, therefore, defendants deny any injury or need for equitable remedies.

53.    Denied as conclusions of law.  Further, Defendants specifically deny any violations alleged and further deny any control over and/or knowledge of alleged violations and, therefore, defendants deny any injury or need for equitable remedies.

WHEREFORE, defendants John J. Morrone, III and Morrone's Water Ice, Inc. deny liability and demand judgment in their favor and against plaintiff.

## SECOND DEFENSE

54.    The complaint fails to state a cause of action and fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

55.    The complaint fails to state a basis for injunctive or other equitable relief.

## FOURTH DEFENSE

56. Plaintiff's claims for consumer redress are barred because the alleged injuries were or may have been caused by the negligent acts or omissions of the franchisees, which caused or contributed to the alleged injuries and resulting losses, if any.

## FIFTH DEFENSE

57. Plaintiff's claims are barred in whole or in part by the arbitration award in the arbitration between the franchisees and defendant Ice America.

## SIXTH DEFENSE

58. Plaintiff's claims are barred in whole or in part by settlement, waiver or release by the franchises.

## SEVENTH DEFENSE

59. Plaintiff's claims are barred because the alleged violations and/or injuries were or may have been caused by acts of others acting beyond the scope of their authority and for whom defendants are not responsible.

## EIGHTH DEFENSE

60. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## NINTH DEFENSE

61. Plaintiff's claims are barred by fraud, false statements and/or misrepresentations on the part of the franchisees.

## TENTH DEFENSE

62. Plaintiff's claims are barred by estoppel, laches and/or unclean hands on

the part of the franchisees.

## ELEVENTH DEFENSE

63. Plaintiff lacks authority to seek consumer redress, remedy and/or damages on the part of the franchisees.

## TWELFTH DEFENSE

64. Plaintiff's complaint fails to state a cause of action or claim upon which joint and several liability may be premised.

## THIRTEENTH DEFENSE

65. Defendant John Morrone did not participate directly in or have authority to control any acts, omissions, representations or practices alleged in plaintiff's complaint to be in violation of statutes, rules, regulations or other laws, and, therefore, plaintiff fails to state a claim for individual liability.

## FOURTEENTH DEFENSE

66. Defendant John Morrone lacked knowledge of any acts, omissions, representations or other practices alleged in plaintiff's complaint to be in violation of statutes, rules, regulations or other laws, and, therefore, plaintiff fails to state a claim for individual liability.

## FIFTEENTH DEFENSE

67. Defendants did not misappropriate, deplete or transfer assets to their own benefit from the defendant corporations engaged in the franchising of Morrone's Italian Ices & Homemade Ice Cream Stores.

WHEREFORE, defendants John J. Morrone, III and Morrone's Water Ice, Inc.

deny liability and demand judgment in their favor and against plaintiff.


Dated: July 8, 2002 　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Jack Meyerson (I.D. No. 16405)
　　　　　　　　　　　　　　　　　　Debora A. O'Neill (I.D. No. 35077)
　　　　　　　　　　　　　　　　　　Law Offices of Jack Meyerson
　　　　　　　　　　　　　　　　　　1700 Market Street, Ste. 2632
　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103

　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　John J. Morrone, III and Morrone's
　　　　　　　　　　　　　　　　　　Water Ice, Inc.

CERTIFICATE OF SERVICE

DEBORA A. O'NEILL, ESQ. hereby certifies that service of the foregoing defendants' answer to the complaint for injunctive relief was made upon counsel listed below by facsimile on July 8, 2002:

Russell Deitch, Esquire
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Room 238
Washington, DC 20580

Fax: (202) 326-3395

_____   _____
                                          Debora A. O'Neill