UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>           Plaintiff,<br><br>vs.<br><br>MORRONE'S WATER ICE, INC.,<br>a Pennsylvania corporation;<br>FRANCHISE CONSULTANTS CORPORATION,<br>a Pennsylvania corporation, d/b/a<br>FRANCHISE CONSULTANTS GROUP;<br>ICE AMERICA CORPORATION,<br>a Pennsylvania corporation;<br>WATER ICE SYSTEMS, INC.,<br>a Pennsylvania corporation;<br>JMS SALES, INC.,<br>a Pennsylvania corporation;<br>STEPHEN D. ALEARDI, a/k/a STEVE ALEARDI,<br>individually and as an officer of<br>FRANCHISE CONSULTANTS CORPORATION,<br>ICE AMERICA CORPORATION,<br>WATER ICE SYSTEMS, INC., and<br>JMS SALES, INC.; and<br>JOHN J. MORRONE, III, individually and as<br>an officer of ICE AMERICA CORPORATION,<br>WATER ICE SYSTEMS, INC.,<br>and JMS SALES, INC.,<br><br>           Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO.  02-3720 |

**ORDER**

**AND NOW**, this 12th day of July, 2002, upon further consideration of Plaintiff's

Emergency Application for an *Ex Parte* Temporary Restraining Order Freezing Assets and

Appointing a Temporary Receiver (Document No. 2, filed June 12, 2002), the Court having issued

an *Ex Parte* Temporary Restraining Order on June 18, 2002, and by Order dated June 24, 2002,

with the agreement of the parties, the Court having extended the Temporary Restraining Order until further order of the Court, the Court having stayed paragraphs V, VI, VII and XI of the Temporary Restraining Order by Order dated June 28, 2002, after a hearing with the parties on that date, and the Court, having considered the discovery timing issues raised by paragraphs V, VI, VII and XI of the Temporary Restraining Order during a hearing with all parties on July 9, 2002, **IT IS ORDERED** as follows:

    1.    Paragraphs I, II, III and IV of the *Ex Parte* Temporary Restraining Order issued June 18, 2002, shall **CONTINUE IN EFFECT** by agreement of the parties pending the ultimate disposition of this action;

    2.    The individual and corporate defendants shall each provide plaintiff with financial statements or comparable information, in a form mutually acceptable to the parties, with any disputes to be resolved by this Court in a telephone conference with the parties.

    3.    Defendants shall produce the names, addresses and telephone numbers of all persons who purchased, or inquired about purchasing, licenses or business ventures from any defendant after January 1, 2001, together with the agreement entered into with each purchaser, within ten (10) days of the date of this Order.  Plaintiff shall not contact any purchaser, whether to subpoena documents or schedule or conduct an interview or deposition of the purchaser, until seven (7) days after receipt of this information.

    4.    As authorized by paragraph VII of the *Ex Parte* Temporary Restraining Order issued June 18, 2002, any consumer reporting agency may furnish plaintiff with a consumer report concerning any defendant, provided that plaintiff provides copies of any such report to counsel for the defendants.

5.      Defendants shall have ten (10) days from the date of this Order to send letters to their suppliers with copies to be faxed to plaintiff.  Thereafter, plaintiff may issue subpoenas to defendants' suppliers.  All trade secret information in documents received by plaintiff from defendants' suppliers shall be subject to a protective order for trade secret information that is agreeable to the parties, and shall be treated as if marked "Privileged and Confidential" trade secret or commercial information for Freedom of Information Act purposes and pending entry of a protective order shall not be disclosed to any franchisees, competitors or persons other than the Court, under seal, and the parties.  Plaintiff may issue subpoenas to banks and other financial institutions for records of the corporate and individual defendants at any time after entry of this Order in accordance with the Federal Rules of Civil Procedure.  The parties shall issue all other subpoenas to non-parties in accordance with the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that all contrary provisions of this Court's *Ex Parte* Temporary Restraining Order issued June 18, 2002, are **VACATED**.  All other provisions of the *Ex Parte* Temporary Restraining Order shall **CONTINUE IN EFFECT.**

                              **BY THE COURT**

**DATED:** _____
                                                    **JAN E. DUBOIS, J.**