IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **MORRONE'S WATER ICE, INC,** | : | NO. 02-3720 |
| a Pennsylvania Corporation; | : | |
| **FRANCHISE CONSULTANTS** | : | |
| **CORPORATION,** a Pennsylvania | : | |
| corporation, d/b/a, **FRANCHISE** | : | |
| **CONSULTANTS GROUP;** | : | |
| **ICE AMERICA CORPORATION,** | : | |
| a Pennsylvania corporation; | : | |
| **WATER ICE SYSTEMS, INC.,** | : | |
| A Pennsylvania corporation; | : | |
| **JMS SALES, INC.,** a Pennsylvania | : | |
| corporation; | : | |
| **STEPHEN D. ALEARDI,** a/k/a **STEVE** | : | |
| **ALEARDI,** individually and as an officer | : | |
| of **FRANCHISE CONSULTANTS** | : | |
| **CORPORATION, ICE AMERICA** | : | |
| **CORPORATION, WATER ICE** | : | |
| **SYSTEMS, INC., JMS SALES, INC.;** | : | |
| and, **JOHN J. MORRONE, III,** | : | |
| individually and as an officer of **ICE** | : | |
| **AMERICA CORPORATION, WATER** | : | |
| **ICE SYSTEMS, INC., and JMS SALES** | : | |
| **INC.** | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW,** this 2nd day of October, 2002, the parties having reached a tentative

settlement agreement in this case, which settlement agreement is subject to the approval of the

Federal Trade Commission, and the parties having submitted a status report dated October 2,

2002, in which they stated, *inter alia*, that "[i]t is our hope that we can complete the drafting of a

mutually satisfactory Stipulated Judgment within the next two weeks . . ."and that ". . . [o]nce we have a settlement signed by the defendants, obtaining the Commission's approval will require at least 90 days, and may take a few weeks longer," **IT IS ORDERED** that the parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before October 18, 2002, regarding the status of the tentative settlement agreement. The status report should cover, *inter alia*, (a) the need for further proceedings, (b) the anticipated time it will take to obtain approval the tentative settlement agreement by the Federal Trade Commission, and (c) whether there is any objection to transferring the case to the Civil Suspense File and staying further proceedings if the approval process will take more than thirty (30) days.[1]

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**

---

1. A transfer to the Civil Suspense File is without prejudice to the rights of the parties. Any case transferred to the Civil Suspense File may be returned to the Court's active docket if the impediment to further proceedings is removed; that can be accomplished by letter to the Court. In the event there is an objection to transferring the case to the Civil Suspense File, I will give consideration to denying all of the pending motions without prejudice to the right of the moving party to reinstate the motions by letter to the Court in the event the settlement is not approved.