IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **MORRONE'S WATER ICE, INC,** | : | NO. 02-3720 |
| a Pennsylvania Corporation; | : | |
| **FRANCHISE CONSULTANTS** | : | |
| **CORPORATION**, a Pennsylvania | : | |
| corporation, d/b/a, **FRANCHISE** | : | |
| **CONSULTANTS GROUP;** | : | |
| **ICE AMERICA CORPORATION,** | : | |
| a Pennsylvania corporation; | : | |
| **WATER ICE SYSTEMS, INC.,** | : | |
| A Pennsylvania corporation; | : | |
| **JMS SALES, INC.**, a Pennsylvania | : | |
| corporation; | : | |
| **STEPHEN D. ALEARDI, a/k/a STEVE** | : | |
| **ALEARDI**, individually and as an officer | : | |
| of FRANCHISE CONSULTANTS | : | |
| CORPORATION, ICE AMERICA | : | |
| CORPORATION, WATER ICE | : | |
| SYSTEMS, INC., JMS SALES, INC.; | : | |
| and, **JOHN J. MORRONE, III,** | : | |
| individually and as an officer of ICE | : | |
| AMERICA CORPORATION, WATER | : | |
| ICE SYSTEMS, INC., and JMS SALES | : | |
| INC. | : | |
| **Defendants.** | : | |

## O R D E R

**AND NOW,** this 18th day of October, 2002, the Court having received a joint status report from the parties, through counsel, dated October 18, 2002, in which report the parties requested ". . . at least an additional two-weeks in which to complete their agreement . . . ," and proposed providing the Court ". . . with an updated status report as soon as we have done so, but

no later than November 15 . . . ," **IT IS ORDERED** that the parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before November 15, 2002, with respect to (a) execution of a Stipulated Judgment by defendants, (b) the need for further proceedings, (c) the anticipated time it will take to obtain approval the settlement agreement by the Federal Trade Commission, and (d) whether there is any objection to transferring the case to the Civil Suspense File and staying further proceedings if the approval process will take more than thirty (30) days.[1]

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**

---

1. A transfer to the Civil Suspense File is without prejudice to the rights of the parties. Any case transferred to the Civil Suspense File may be returned to the Court's active docket if the impediment to further proceedings is removed; that can be accomplished by letter to the Court. In the event there is an objection to transferring the case to the Civil Suspense File, I will give consideration to denying all of the pending motions without prejudice to the right of the moving party to reinstate the motions by letter to the Court in the event the settlement is not approved.