IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | |
| | : | |
| **MORRONE'S WATER ICE, INC,** | : | NO. 02-3720 |
| a Pennsylvania Corporation; | : | |
| **FRANCHISE CONSULTANTS** | : | |
| **CORPORATION,** a Pennsylvania | : | |
| corporation, d/b/a, **FRANCHISE** | : | |
| **CONSULTANTS GROUP;** | : | |
| **ICE AMERICA CORPORATION,** | : | |
| a Pennsylvania corporation; | : | |
| **WATER ICE SYSTEMS, INC.,** | : | |
| A Pennsylvania corporation; | : | |
| **JMS SALES, INC.,** a Pennsylvania | : | |
| corporation; | : | |
| **STEPHEN D. ALEARDI,** a/k/a **STEVE** | : | |
| **ALEARDI,** individually and as an officer | : | |
| of **FRANCHISE CONSULTANTS** | : | |
| **CORPORATION, ICE AMERICA** | : | |
| **CORPORATION, WATER ICE** | : | |
| **SYSTEMS, INC., JMS SALES, INC.;** | : | |
| and, **JOHN J. MORRONE, III,** | : | |
| individually and as an officer of **ICE** | : | |
| **AMERICA CORPORATION, WATER** | : | |
| **ICE SYSTEMS, INC.,** and **JMS SALES** | : | |
| **INC.** | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW,** this 15th day of November, 2002, the Court having received a joint status report from the parties, through counsel, dated November 15, 2002, in which report the parties stated that " . . . defendants have not signed the proposed settlement agreement, although discussions are continuing . . ." and requested " . . . another thirty day extension to submit an

updated status report on our progress," **IT IS ORDERED** that the parties, through counsel, shall jointly report to the Court in writing (letter to Chambers, Room 12613) on or before December 16, 2002, with respect to (a) execution of a Stipulated Judgment by defendants, (b) the need for further proceedings, (c) the anticipated time it will take to obtain approval the settlement agreement by the Federal Trade Commission, and (d) whether there is any objection to transferring the case to the Civil Suspense File and staying further proceedings if the approval process will take more than thirty (30) days.[1]

The Court noting that in the status report plaintiff requested a scheduling order allowing at least six (6) months for discovery, **IT IS FURTHER ORDERED** that the Court will conduct a scheduling conference by telephone in the event defendants have not signed the necessary settlement documents on or before December 16, 2002. The Court contemplates issuing a scheduling order following any such conference.

                                                                          **BY THE COURT:**

                                                                          _____
                                                                          **JAN E. DUBOIS, J.**

---

1. A transfer to the Civil Suspense File is without prejudice to the rights of the parties. Any case transferred to the Civil Suspense File may be returned to the Court's active docket if the impediment to further proceedings is removed; that can be accomplished by letter to the Court. In the event there is an objection to transferring the case to the Civil Suspense File, the Court will give consideration to denying all of the pending motions without prejudice to the right of the moving party to reinstate the motions by letter to the Court in the event the settlement is not approved.